## RITTER *et al.* v. DOERR *et al.*

1. **Contract: CONSTRUCTION: MORTGAGE.** Where a person holding a mortgage junior to a deed of trust, under which the property was about to be sold, entered into an agreement with the other creditors of the mortgagor, and the mortgagor, to the effect, that, if the property sold for enough to pay all the claims, the trustee was to apply the proceeds of the sale thereto and pay the balance, if any, to the debtor; and that, if it did not sell for enough to pay all the creditors, then it was to be bid in by one of them in trust for all, to be afterward sold to the best advantage, to pay their claims — all of the creditors to contribute *pro rata* to pay off the trust-deed in order to be entitled to the benefit of the agreement, it was *held*, that under the agreement the person holding the mortgage was not entitled by reason thereof to any preference over the other creditors.

2. —— **REFORMATION OF CONTRACT: EQUITY.** A written contract will not be reformed by a court of equity if the testimony fails to show that there was fraud, accident or mistake in the execution.

### Appeal from Lee District Court.

### SATURDAY, JUNE 20.

CONSTRUCTION OF WRITTEN CONTRACT: REFORMATION IN EQUITY, ETC. — In 1856, one Stephenson was largely in debt. He owned a house and lot in Fort Madison that were about to be sold under a deed of trust which was the first lien thereon. It is probable that Ritter, one of the plaintiffs, was entitled to a mechanic's lien, but he had brought no suit to enforce it. The firm of Little & Wilson (appellants) had a mortgage from Stephenson on said house and lot *subsequent* to the deed of trust. On the day on which the property was advertised for sale by the trustee, Stephenson and ten of his creditors, including Little & Wilson, met and signed a written agreement the substance of which it is necessary briefly to state.

It recites that the property of Stephenson is this day to be sold on the said deed of trust, and that Stephenson

is anxious to make " the property pay his debts to his said creditors, as well as the debt secured by the deed of trust."

If the property sells for enough to pay all, the trustee is, by the agreement, directed to pay the several creditors their debts and the balance to Stephenson. If it does not sell for enough to pay all the creditors, then it is agreed that " P. H. Babcock shall bid on the property to an amount sufficient to pay all of the debts, and shall hold the same in trust for the said creditors, to be sold to the best advantage to pay said claims. All of said creditors to contribute *pro rata* to pay off the trust-deed in order to be entitled to the benefits of the agreement."

The creditors all did contribute *pro rata*, and the property was bought in by Babcock under this agreement.

The plaintiff Ritter, one of the creditors, and on behalf of the others, brings this suit to enforce the trust, making the representatives of Babcock (since deceased) and Little & Wilson defendants, and asking to have the trust declared, the property sold and the creditors paid, etc.

The court granted the relief prayed, and declared that all of the creditors of Stephenson, including Little & Wilson, should, from the proceeds of the sale, be paid *pro rata*.

From this portion of the decree Little & Wilson appeal.

*J. M. Casey* for Little & Wilson.

*F. O. Dorr*, *C. C. Nourse* and *John Van Valkenberg* for the plaintiff.

Dillon, Ch. J.—The claim of Little & Wilson is, that the agreement between Stephenson and his cred-

Ritter v. Doerr.

**1. CONTRACT: construction: mortgage.** itors, including themselves, was, that, when Babcock should sell the property, he should first pay them the full amount of their debt, and then distribute the balance to the other creditors. This claim is resisted by the plaintiff, as the representative of the other creditors who were parties to the agreement mentioned in the statement of the case, and who insists that by this agreement, which is in writing, all of the creditors, including the appellants, were placed upon an equal footing, — that is, all were to contribute ratably to pay off the deed of trust, and to share ratably in the property thereby secured. And such is the plain meaning of the written agreement.

It is urged, that it is improbable that the appellants, whose claim was a lien, should have waived this and have consented to place themselves upon a common plane with the unsecured creditors of Stephenson. But there may have been motives for this which they deemed adequate. They may have thought the value of the property sufficient to pay all, or it may not have been deemed advisable themselves to advance the *whole* amount necessary to rescue the property from the deed of trust.

But, whatever the motives, they signed an agreement, the obvious meaning of which is, that all of the creditors shall stand upon an equal footing. They stipulated no priority, and agreed to stipulations which are inconsistent with the idea that they were to have priority.

Though they have taken testimony *aliunde* the agreement, to show that they intended to be preferred, yet this **2. —— reformation of contract: equity.** testimony fails to establish that there was any fraud, accident or mistake in drafting the written contract such as to justify a court of equity in reforming it. It is our opinion that the District Court did not err in settling the rights of the

appellants according to the legal effect of the written agreement to which they were parties.

In a prior suit between Little & Wilson and the representatives of Babcock, the trustee, and who was also one of the creditors of Stephenson named in the written contract, it was adjudged as between them that Little & Wilson were to be first paid. By virtue of this decree, Little & Wilson, as against the representatives of Babcock, are, as respects the debt due the estate, to be preferred; and in the present suit the District Court should have so held.

With this modification, the decree below is

Affirmed.

BECK, J., having been of counsel in this cause, took no part in its decision.